UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALEB L. McGILLVARY, PKA "KAI THE HITCHHIKER",

                    Plaintiff,

-against-

ROLLING STONE, LLC; MARLOW STERN; WENNER MEDIA, LLC,

                    Defendants.

23-CV-10428 (DEH)

ORDER OF SERVICE

DALE E. HO, United States District Judge:

      Plaintiff, who currently is incarcerated at the New Jersey State Prison, in Trenton, New Jersey, brings this action, *pro se*, under the court's diversity of citizenship jurisdiction, asserting claims of defamation, invasion of privacy, and intentional infliction of emotional distress. By order dated January 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Rolling Stone, LLC; Marlow Stern; and Wenner Media, LLC through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to issue summonses for Rolling Stone, LLC; Marlow Stern; and Wenner Media, LLC, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   January 10, 2024
         New York, New York

_____
DALE E. HO
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Rolling Stone, LLC
   475 5th Avenue
   New York, NY 10017

2. Marlow Stern
   50 Horatio Street, Apt. 4
   New York, NY 10014

3. Wenner Media, LLC
   475 5th Avenue
   New York, NY 10017